Mr. Chief Justice Johnson, delivered the opinion of the court. This is an action of forcible entry and detainer, and the main question to be decided is whether the plaintiff in the court below made such a case as to entitle him to a recovery under the-Statute.. The 2d and 3d sections of chapter 71 of the Digest'provide that “ If any person shall enter into or upon any lands, tenements or other possessions, and detain and hold the same with force and strong hand, or with weapons or breaking open the doors ,and windows, or other parts of the house, whether any person be in or not, or by threatening to kill, maim or beat the party in possession, or by such words and- actions as have a natural tendency to excite fear or apprehension of danger, or by putting out of doors, or carrying away the goods of the party in possession, or by entering peaceably and then turning out by force or frightening by threats or other circumstances of terror, the party to yield possession; in such case every person so offending shall be deemed guilty of aforcible entry and detainer within the meaning of this actand that “when any person shall wil-fully and with force hold over any lands, tenements, or other possessions, after the determination of the time for which they were demised or let to him, or the person under whom he claims, or shall lawfully and peaceably obtain possession but shall hold the same [unlawfully and by force, and after demand made in writing for the delivery of possession thereof by the person having a right to such possession, his agent or attorney, shall refuse or neglect to quit such possession, such person shall be deemed guilty of an unlawful detainer.” These two sections are believed to be sufficiently comprehensive to embrace every case where the mere right of possession is involved. If this be true, the whole matter in controversy between the parties is settled and nothing remains for this Court but to pass upon the several instructions given and refused by the Court, and to point out the errors committed therein. The ground taken by the defendant below is, that this action lies alone when brought for the entry and detainer, in cases where the party suing was in the actual possession of the property at the time of the entiy. We think such is not the true and legitimate construction of the Statute. It is clear that the different sections when compared together and harmonized will lead to a contrary conclusion. The first section declares that “No person shall enter into or upon any lands, tenements'-or other possessions, and detain or hold the same but where an entry is given by law, and then only in a peaceable manner. It most assuredly would not be contended that because lands were lying unoccupied by the owner of the soil, or even by the party entitled to the possession, and who made no pretence of claim to the fee simple, a mere stranger, without color of right, could be said to have an entry given him by law. It is perfectly manifest that a stranger, under such circumstances, would not be authorized to make an entry, and if he should do so he would be regarded as a trespasser in the eye of the law. This view of the law is strengthened by the 17th Sec. of the act which provides that “ In trials under the provisions of this act, the title to the premises in question shall not be adjudicated upon or given in evidence except to show the right to the possession and the extent thereof.” The real difference between this action and that of ejectment is that this is confined in its operation to the recovery of the possession, whereas ejectment lies as well to establish the title as the mere right to the possession at the election of the party. This action was designed by the Legislature tó come in aid of ejectment, where the mere possession is in dispute, and to afford the party a more speedy and summary remedy by placing him in immediate possession upon his complying with the requisites of the Statute We will now proceed to examine the instructions given and refused by the Court, and endeavor to see how far they square with this construction of the Statute. ,The first instruction is not sufficiently comprehensive as it attempts to set out the circumstances and facts which amount to a forcible entry and detainer, and still fails to set out all those specified in the Statute. And it may be regarded as defective in another respect, as it is confined to a forcible entry in terms, and evidently conveying to the minds of the jury that nothing short of actual force would be sufficient, when it is manifest from the first section, when taken in connection with others, that actual force is not alone contemplated, but that implied force is allsuf-ficient, and that the law will presume force in all cases where the defendant entered, and no entry was given him by law. The language of this instruction therefore, though perhaps technically sufficient, was, if taken literally, wéll calculated to mislead the jury, and the Court should have further instructed that force either actual or constructive would have been sufficient to authorize the action. The second is a mere assertion of an abstract question of law. It refers it to the jury to decide as to the degree of force that would have sustained an indictment at- the common law. It wholly failed to state a supposed state of facts, and then to instruct as to the law arising upon such facts. . The third is also defective as it virtually discards the idea of implied or constructive force. The defendant may have obtained the possession peaceably, and yet he may have used such force in contemplation of law as would have justified a recovery against him. The fourth is liable to the same objection. It also asserts the doctrine that in case an entry shall be made peaceably, it would not be such an one as to subject the party to an action of forcible entry and detainer. It assumes that, in case the property entered is lying vacant and unoccupied at the time of the entry, and such entry is made peaceably, the action will not lie. This. point was virtually decided in passing upon the third instruction. It is clear that the entry might be made peaceably, and yet if the party entered as a mere stranger without color of right, the law would imply force and the action would well lie. The fifth is substantially the same as the third and fourth and consequently subject to the same objection. The first and second instructions moved by the plaintiff are predicated upon the idea that actual possession, at the time of the entry, is essential to entitle a party to maintain this form of action. This was conceding more than the law required on the part of the plaintiff. These two instructions therefore, not only covered the whole ground of the law involved, but went far beyond it, and consequently could not be denied to the plaintiff if he desired that they should be given in charge to the jury. The third was clearly legal, as it was fully warranted by the testimony in the case. It was not pretended that any one saw the defendant enter, and yet it is clear that, if he entered without color of right, the law would imply force as against the real owner of the soil or the party entitled to the possession. The last instruction given by the Court, and as it would seem upon its own motion, is clearly erroneous. It is in the very teeth of the 17th Section of the Statute, which declares that the title shall not be adjudicated upon or given in evidence, except to show the right to the possession and the extent thereof. It clearly appears therefore that it is not material under what circumstances the defendant obtained possession, that in order to enable the plaintiff to recover in this form of action it is necessary for him to prove his title to the property, but that it is all sufficient for him to show his right to the immediate possession. The first branch of the instruction is therefore erroneous. The second we consider equally so. The defendant, in case he shall have a verdict in this form of action, when the caséis tried upon the merits, is not entitled to have his damages at the same timé and included in the verdict and judgment. It is apparent from the 15th section that the defendant was not entitled to a verdict for his damages, which he had sustained in consequence of being dispossessed of his property. It only provides that in case the verdict is for him, the Court shall give judgement thereon with costs, and shall also issue a writ of restitution directed to the Sheriff to cause the defendant to be repossessed, and that a clause shall be added commanding the Sheriff to levy the costs of the goods, chatties, lands and tenements of the plaintiff. Nothing is here said in respect to the damages, and nothing is authorized tobe levied of the goods and chatties of tlie plaintiff except the costs of the suit. The 14th section tends strongly to confirm this view as it requires the Sheriff to hold the bond of the plaintiff for the security of the defendant, and that it shall be assigned to such defendant or his' personal representatives if judgment be rendered for him in the action. We are therefore clearly of opinion that the Circuit Court erred both in giving and refusing instructions, and that consequently the judgment ought to be reversed. Judgment reversed and cause remanded.