Boehm v. Botsford.

---

## BOEHM v. BOTSFORD.

TAX SALE: *Decree confirming.*

   All inquiry as to the validity of a tax title is cut off by a decree confirming the sale under which the title was acquired.

APPEAL from *Arkansas* Circuit Court in Chancery.

JOHN A. WILLIAMS, Judge.

Botsford and Edgarton brought this suit against Boehm to remove a cloud from the title to certain lands. By their com-

plaint they claim title to the lands by virtue of deeds from the Auditor of State, conveying them as lands held by the State under forfeitures for the non-payment of taxes for the year 1868, and also by a decree cónfirming the tax sale through which the State acquired title. The decree confirming the tax sale was rendered in 1876 and is exhibited with the complaint. Boehm answered, setting up title to the lands under a conveyance executed to his vendor by the State Land Commissioner, pursuant to a sale thereof by the State as swamp lands, made in 1850. He also claimed title through one Price, under a purchase ma·le by the latter at a sale for the non-payment of taxes for the year 1876. On the trial the defendant offered to prove that "the pretended assessment, levy of taxes, return of the delinquent list, advertisement and sale of the lands in controversy for the year 1868, were absolutely void, and that at the time of the pretended decree of confirmation of the plaintiff's tax title, defendant and his vendor were non-residents of the State and out of the jurisdiction of the courts thereof;" and insisted that as such he had the right to show that the tax proceedings and sale referred to were illegal. But the court refused to permit such showing, holding that such defenses were cut off by the decree of confirmation. The court gave judgment for the plaintiff, granting the relief sought by his complaint, and the defendant appealed.

The statute [Mansf. Dig., secs. 576–583] under which the decree of confirmation relied upon by the plaintiff was obtained, provides that notice of the application for such decree shall be published "six weeks in succession in some newspaper published in this State," and that such notice shall call "on all persons who can set up any right to the lands so purchased in consequence of any informality or any irregularity or illegality connected with such sale, to show cause at, etc., * * * why the sale * * * should not be confirmed." (Sec. 577.) Section 581 provides "that the judgment or decree * * * confirming said sale shall operate as a com-

plete bar against any and all persons who may hereafter claim said land in consequence of informality or illegality in the proceedings; and the title to said land shall be considered as confirmed and complete in the purchaser thereof, his heirs and assigns forever, saving, however, to infants, persons of unsound mind, imprisoned beyond seas, or out of the jurisdiction of the United States, the right to appear and contest the title to said land within one year after their disabilities may be removed."

*W. H. Halliburton*, for appellant.

*Gibson & Holt*, for appellees.

PER CURIAM. All inquiry as to the validity of the plaintiff's tax title was cut off by the decree of confirmation of the tax sale under which their title was acquired. *Wallace v. Brown, 22 Ark., 118; Buckingham v. Hallett, 24 Ark., 519; McCarter v. Neil, 50 ib., 188.*

The court adjudged the defendant's subsequent tax title invalid upon proof which has not been brought upon the record, and we cannot inquire into the correctness of the finding.

Affirm.