JOYNER *v.* HARRISON.

Opinion delivered June 4, 1892.

1. *Tax sale—Loss of assessment roll.*

   Proof that the assessment roll for a certain year cannot be found in the office where the law requires it to be kept, will not defeat a deed of the land commissioner based upon a forfeiture of land to the State for that year's taxes, the deed itself being evidence of title in the purchaser.

2. *Little River county—Assessment for 1867.*

   The act of March 6, 1867, which created the county of Little River, did not require that the lands detached from Sevier county to aid in the formation of the former county should be carried on the assessment books of the latter county for the year 1867; but, on the contrary, provided that all steps to be taken in the collection of the taxes upon such lands for that year should be taken by the officials of the new county.

3. *Forfeiture to State—Subsequent sale by collector.*

   Where land has been forfeited to the State for non-payment of taxes, it is not thereafter subject to sale by the county collector for the taxes for which it had been forfeited, or for any other taxes.

Appeal from Little River Circuit Court in Chancery.

RUFUS D. HEARN, Judge.

Joyner brought suit against Harrison to quiet title to land situated in Little River county, claiming title under a tax deed, executed on November 24, 1879, reciting that the land was sold for the taxes of the years 1872-6, inclusive. Defendant filed an answer and cross-complaint in which he relied upon a deed to him from the State Land Commissioner, dated August 10, 1881, based upon forfeitures for non-payment of taxes for the years 1867, 1870, 1871, 1873-5. He alleged that plaintiff's deed was a cloud upon his title, and prayed that it be removed. The cause was submitted upon the pleadings and the deposition of the clerk of Sevier county, who testified that he had carefully examined the assessment

rolls on file in his office, and found no assessment of the land in question for the year 1867; that the tract did not appear on the duplicate tax books on file in his office for that year. The court decreed that plaintiff's tax-deed was a cloud upon defendant's title, and removed the same. Plaintiff has appealed.

By the act of March 5, 1867, the county of Little River was created from territory previously belonging to the counties of Sevier and Hempstead. The land in question was detached from Sevier county. Section 11 of the act provides " that the taxes assessed for the year 1867, upon the property and inhabitants of the county of Little River, shall inure to the benefit of, and belong to, said county of Little River ; and, to that end, it shall be the duty of the clerk of the county court of the county of Sevier, whenever the assessment list of the taxable inhabitants and property of said county shall be returned by the assessor of said county, to make out and furnish to the said sheriff of the county of Little River, a complete and accurate list of all taxable inhabitants and property on said assessment list, which fall within the limits of said county of Little River, as stricken off from the county of Sevier ; which said list shall be certified as correct, under the seal of his office ; and it shall be the duty of said sheriff, immediately after such list comes to his hands, to file the same in the office of the clerk of the county court of said county of Little River ; and he shall immediately give notice, as now required by law, that he has filed said assessment, and that all persons aggrieved thereby can attend at the next term of the county court in said county, and have the same adjusted."

*L. A. Byrne* for appellant.

1. There was no legal assessment upon which to base a forfeiture for the taxes of 1867. 18 How. 137 ; 34 Fed. Rep. 701. The assessor of Sevier county was the

only officer authorized to make the assessment of the land in controversy for the year 1867. The testimony of the clerk shows that there was no assessment of the land for that year, and that no taxes were extended on the tax books against said land for that year. A tax deed void in part is void *in toto*. Black, Tax Titles, sec. 97 ; 32 Ark. 131.

2. The State is estopped, and her vendee acquires no better right than she had. Herm. on Est. vol. 2, pp. 812, 813, 1264–5 ; 34 Fed. Rep. 701.

*W. S. Curran* for appellee.

1. The evidence of the clerk that no assessment was found in his office is not sufficient to overturn the *prima facie* case made by the commissioner's deed. 49 Ark. 266.

2. The lands having been forfeited to the State, they were erroneously on the tax books at the time they purport to have been sold. The State had purchased the lands, they were not subject to taxation, and the clerk's sale was void. 5 S. W. Rep. 555.

1. Presumption in favor of tax deed.

COCKRILL, C. J. 1. Proof that the assessment roll for 1867 could not be found in the office where the law required it to be kept will not overcome the statutory presumption in favor of the regularity of the steps taken by the taxing officers. *Scott* v. *Mills*, 49 Ark. 266.

2. Validity of assessment.

2. The law did not require that the lands detached from Sevier county to aid in the formation of the county of Little River should be carried on the clerk's books of the old county for 1867, the year in which the new county was formed, but on the contrary provided that all steps to be taken in the collection of the taxes upon such lands for the year 1867 should be taken by the officials of the new county. Proof, therefore, that the taxes were not extended against the lands in dispute in Sevier county for that year shows no irregularity in the tax proceedings.

3. State lands not liable to forfeiture.

3. The land commissioner's deed, through which the appellee claims, recites that it is based upon a forfeiture for non-payment of taxes for several years, those due for 1875 being the last. The deed is evidence of the facts thus recited. There is no proof when the forfeiture took place. Regularly, the sale would have taken place in 1876, and, in the absence of proof to the contrary, the presumption is that the officers performed their duty and sold the land in that year. As the land commissioner assumed to sell the land for that forfeiture, the presumption is that it continued to be the property of the State from the time it was certified as forfeited land. After it was forfeited to the State, it was not subject to sale for the taxes for which it had been forfeited or for any other taxes. It follows that the subsequent sale under which the appellant claims was unauthorized, and that the judgment is right.

Affirm.