# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

---

## PORTER v. DOOLEY.

### Opinion delivered October 29, 1898.

1. TAX-TITLE—CONFIRMATION—CONCLUSIVENESS.—All inquiry as to the validity of a tax-title is cut off by a decree of confirmation of the tax sale under which the title was acquired. (Page 3.)

2. PROOF OF PUBLICATION—SUFFICIENCY.—The proof of publication of notice of a suit for confirmation of a tax-title was sufficient under Mansf. Dig., § 4359, but did not show compliance with the requirement of Mansf. Dig., § 579, in that the magistracy of the justice before whom the proof was sworn to was not certified to by the county court. Without deciding whether the latter act was repealed by the former or not, *held* that the decree of confirmation was not void on collateral attack under the latter section, which points out a mode of proof of publication that shall be "sufficient," but does not preclude the idea that such proof may be made in some other way. (Page 4.)

Appeal from Arkansas Chancery Court.

JAMES F. ROBINSON, Chancellor.

*Rose, Hemingway & Rose, James H. Gibson* and *John B. Jones,* for appellant.

This case should have been tried before a jury, and not in a court of equity, since it involves title and right of possession of real property. 56 Ark. 374; 32 Ark. 553; 105 U. S. 189. Defective proof of publication of notice of sale is a question which could be tried at law. 44 S. W. 1041; S. C. 65 Ark. A complaint which states only "information" or "belief" of fraud furnishes no grounds for chancery jurisdiction. Big. Fraud 450, 451. It is not fatal to the proof of notice that the county clerk did not certify to the official character of the justice of the peace before whom it was made. The court takes

notice of this.   1 Gilm. (Ill.) 116; 11 Ill. 119; 4 Scam. 477; 42 Ill. 516.   The act of 1875 (p. 152) revised the whole law as to the requirements of proof of publication of legal notices. 41 Ark. 149; 47 Ark. 491; 43 Ark. 427; 10 Ark. 590; 31 Ark. 19; 46 Ark. 451.   The confirmation decree cured any defects as to description, etc., in the notice of sale.   55 Ark. 470.   This decree can not be questioned in a collateral proceeding.   21 Ark. 364; 5 Ark. 43; 42 Ark. 344; 52 Ark. 400; 47 Ark. 131, 144; 53 Ark. 30, 55.   Possession by appellant for the statutory period (of two years) is sufficient, in this case, to give title, if it was hostile and exclusive as against appellee. Tied. Real Prop. § 698, 699; 50 Ark. 141; 29 Ga. 651; 17 S. W. 755, 757; 22 Fla. 442, 446; 18 S. W. (Tex.) 815.   Appellee should have, at least, tendered such taxes paid by appellant.   56 Ark. 186.

*P. C. Dooley, pro se.*

The land was so defectively and indefinitely described in the notice and sale that no title passed.   56 Ark. 172; 1 Desty, Taxation, 565–6; 2 *ib.* 829, 921, 922.

The court had no jurisdiction to render the decree of confirmation, because the notice was not such as is required by the statute; and, therefore, the confirmation decree is a nullity.   55 Ark. 30; 49 Ark. 397; 97 U. S. 444; 18 Wall. 350; Van Vleet, Col. Attack, § 16, p. 14; 27 Cal. 300–317.   The affidavit of the *editor, proprietor or principal accountant* of the newspaper is the *only* competent evidence of publication of the notice.   Mansf. Dig., § 4356.   This must appear of record. 32 Wis. 394.   Its deficiency can not be supplied by parol.   4 Sawy. 638; 6 Barb. 617; 4 Vt. 506; 51 Ark. 34; 5 Ill. 69; 6 N. H. 196; 14 Mich. 528; 48 Me. 528; 13 Wis. 99; Blackw. Tax Titles, 239, 240; 3 McCrary, 446.

The affidavit of publication was made before a justice, to whose magistracy the county clerk did not certify as required by statute, and the land is incorrectly described.   See Mansf. Dig., § 579, 578.   Such non-compliance with the statute is fatal to the jurisdiction of the court.   The statute must be strictly followed, and the record must so show.   37 Minn. 194; 38 Minn. 506; 19 Neb. 689; 67 Mich. 530; 29 Wis. 558; 28

N. Y. 365; 41 Ill. 45; 15 Wis. 188; 19 Wis. 397; 36 Kas.
543; 23 Wis. 367; 31 Cal. 342–352; 32 Barb. 604–608; 64
Wis. 330; 54 Tex. 193; 67 Miss. 543; 32 Ga. 653–655; 35 Ill.
315; 16 Barb. 319, 322; 74 Ill. 274; 27 Cal. 295–298; 37
Mich. 143; 28 Fed. 514; 60 Ill. 338; 55 Ill. 377; 8 Minn. 381;
44 S. W. (Ark.) 1041; 16 S. W. (Ark.) 197; 51 Ark. 34; 48
Ark. 238; 10 Fed. 891; 33 Ark. 450; 27 Ark. 110; 33 Ark.
740; 30 Ark. 723; Newman's Pl. & Pr. 56; 11 Ark. 120; 13
Ark. 491; 14 Ark. 408; 22 Ark. 286; Sand. & H. Dig., §
4685; Cooley, Tax. 487, 335, 337; 6 Yerg. 22; 3 Johns. Cas.
1, 7; 42 Ark. 77; Wade on Notice, § 1120; 8 Ohio, 114; 12 Ala.
617; 26 Md. 206; 16 S. & R. (Pa.) '251; Black, Tax. 86;
Blackwell, Tax Tit. 239, 240; 54 Md. 454; 51 Wis. 62; 4 Sawy.
638; 37 Cal. 295; 3 Sawy. 93; 97 U. S. 444; 39 Ark. 63; 32 Wis.
394; Freeman, Judg. 137. The fraudulent concealment from
the court of the defects in the notice vitiates it. 42 Ark.
330; 22 Ark. 118. No adverse possession is proved in favor
of appellee; hence the two years statute of limitation must fail
him.  57 Ark. 523; 60 Ark. 163; 57 Ark. 105; 49 Ark. 266;
56 Ark. 104. As to general requisites of adverse possession,
see further: 150 U. S. 597; 9 B. Mon. 253; 101 N. Y. 669;
11 Gray, 33; 30 Ga. 619; 26 Ga. '701; 28 Ga. 130; 33 Ga.
539; 32 Ga. 239; 34 Pa. St. 74; 36 Pa. St. 513; 2 N. & McC.
(S. C.) 534; 1 N. & McC. 354; Cheves (S. C.), 354; 3
Metc. 125; 10 N. H. 397; 5 Md. 256; 39 Cal. 24; 4 Mass.
416; 37 Tex. 437; 30 Cal. 408; 32 La. 572; 43 Ark. 486; 24
Am. Rep. 627; 3 Mass. 219; 9 Wend. 511; 83 N. C. 424; 4
S. & R. 465; 27 Ark. 93; 30 S. W. 186; 20 S. W. 43.

HUGHES, J. This is an appeal from a decree in chancery
in favor of the appellee setting aside a decree of confirmation
of a tax title in favor of the appellant. The decree confirming
the tax title of appellant Porter was rendered on the 19th of
March, 1887. The land, the title to which was confirmed, was
sold for taxes on the 14th of April, 1884. The decree of the
court setting aside the decree of confirmation holds the decree
of confirmation void for the want of jurisdiction to render it, for
the want of notice and the uncertainty as to the land sold.

The evidence in the case shows that there was no sufficient

description of the lands sold in the advertisement of the tax sale, and that the southwest quarter of section 22 was described in the advertisement as in 2 S., 4 W., and that in the deed by the officer it is described as in 3 S., 4 W., which was the proper description. The tax deed itself is regular and valid on its face. Had the tax sale been attacked before the decree of confirmation, it is conceded by the appellant that it would have been held void. But "all inquiry as to the validity of a tax title is cut off by a decree of confirmation of the tax sale under which title was acquired." *Boehm* v. *Botsford*, 52 Ark. 400. The tax deed is the muniment of title.

The only question then is, is the decree of confirmation valid? Did the court have jurisdiction? Is there error upon the face of the record that warrants the decree setting aside the said decree of confirmation? The only contention upon these questions is that the proof of the publication of the notice that the appellant would apply to the court for a decree of confirmation is not in accordance with the directions and requirements of the statute, and is insufficient.

After prescribing what the notice of confirmation of tax title shall contain, the statute (section 578, Mansfield's Digest) provides that "the affidavit of one or more of the publishers or proprietors of said newspaper (in which the notice is published) setting forth a copy of such notice, with the date of the first publication thereof. and number of insertions, sworn to and subscribed before some justice of the peace of the county or city in which said newspaper is published, with a certificate of magistracy of the court of said county, under the seal of his office, on being produced to said court, shall be taken and considered as sufficient evidence of the fact of publication, the date and number of insertions and form of such notice." Section 579, Mansfield's Digest, reads: "On producing the proof of said notice, as required in the preceding section, the party publishing the same may apply to the judge of the court aforesaid to confirm the sale," etc.

The objection to this proof here is that the justice of the peace before whom it was sworn to is not shown by the certificate of the clerk to be a justice of the peace of that county,— that there is no certificate of magistracy. It is contended by

the appellant that the above-quoted provision of law was repealed by the subsequent act prescribing the manner of proof of publication of legal advertisements. Mansf. Dig., c. 94. In the view the court has taken of the question upon the sufficiency of the proof of publication of the notice to apply for confirmation, it is unnecessary to decide whether the latter repeals the former act or not, as we are of the opinion that the proof is good under either act.

It will be observed that section 578 of Mansfield's Digest does not preclude the idea that the mode of proof of publication of the notice is exclusive of other evidence of the fact of publication; but only says that, when made as therein required, it "shall be taken and considered as sufficient evidence of the fact of publication, the date and number of insertions and the form of such notice."

In *Gibney* v. *Crawford*, 51 Ark. 42, and in *Cissel* v. *Pulaski County*, 10 Fed. Rep. 891, it is said that, "the statute having prescribed the manner in which the notice should be given, it could not be given legally in any other manner, and having prescribed what shall be the evidence of the publication, it can be proved in no other manner. Facts which should be of record cannot be proved by parol."

*Cissel* v. *Pulaski County* was decided in 1881, and *Gibney* v. *Crawford* in 1888, both under the latter act, which provides that the affidavit of any editor, publisher or proprietor, or the principal accountant of any newspaper *authorized by this act to publish legal advertisements*, to the effect that a legal advertisement has been published in his paper for the length of time and number of insertions it has been published, with a printed copy of such advertisement appended thereto, subscribed before any officer of this state authorized to administer oaths, *shall be the evidence* of the publication thereof as therein set forth." Mansf. Dig., § 4359.

It is to be observed that this act—not like the prior act—precludes the idea that proof may be made in any other way than as therein prescribed by stating that, when made as therein prescribed, it "*shall be the evidence* of the publication thereof as therein set forth."

In *Scott* v. *Pleasants*, 21 Ark. 364, an attack was made on

a decree of notice of confirmation of tax sale because the affi-
davit of publication of notice was made by the editor, instead
of the publisher or proprietor, of the newspaper, as then
required by the statute. The court said this was error, but
held the decree was not void. The court said: "But it does
not follow that the decree, though reversible upon appeal and
for error on its face, must be held void, and consequently be
disregarded when introduced collaterally. The decree of the
court was made upon a matter over which it had jurisdiction,
as held in *Evans* v. *Perciful*, 5 Ark. 43. * * * A decree
*pro confesso* on constructive notice that is defective is as good
as a like decree upon insufficient personal service, and such de-
cree, when made final, cannot be collaterally questioned. * *
* The court rendering the decree under consideration passed
directly upon the evidence of publication of the notice; that
was one of its clearest prerogatives, and, though it may be ad-
mitted that the court wrongfully decided, its decision was sim-
ply an interpretation of the law that could have been corrected
if made the subject of direct review in this court; it could not
be annulled by the circuit court of Pulaski county. * * *
It is claimed that, in the confirmation of tax titles by our
statutory decrees, a more stringent rule of construction must
be applied to them than to other decrees; that, as being founded
on a summary proceeding, everything both to show the jurisdic-
tion, the manner of its exercise, and the evidence on which it
was rendered, must be set forth in the decree. * * * It is
not perceived why any [other] rule of construction or admis-
sibility in evidence should be applied to a decree of confirma-
tion than is applied to decrees rendered in our usual chancery
practice upon constructive notice."

In *Scott* v. *Pleasants* the court said: "The statute does
not say that it [the affidavit of the publisher or proprietor]
shall be the only evidence of the publication; and if the decree
did not exclude the conclusion, we might infer that other evi-
dence than the affidavit attached to the notice read by the
plaintiffs was before the court upon the rendition of the decree."

The decree of confirmation attacked in this case does not
exclude the conclusion that other evidence of the publication
than that of the affidavit said to be insufficient for the want of

a certificate of magistracy was before the court upon the rendition of the decree. There is no evidence that this affidavit was the only proof relied upon.

The judgment of the court is presumed to be right, unless the contrary is made to appear.

In case of *Applegate* v. *Lexington & Carter County Mining Co.*, 117 U. S. (Lawyers' Ed.) 897, Mr. Justice Woods, delivering the opinion of the court, said: "The result of the authorities, and what we declare, is that where a court of general jurisdiction is authorized in a proceeding, either statutory or at law or in equity, to bring in, by publication or other substituted service, non-resident defendants interested in or having a lien upon property lying within its territorial jurisdiction, but is not required to place the proof of service upon the record, and the court orders such substituted service, it will be presumed in favor of the jurisdiction that service was made as ordered, although no evidence thereof appears of record; and the judgment of the court, so far as it affects such property, will be valid."

The decree is reversed, and remanded with directions that a decree be entered below in accordance with this opinion.