## WAGNER *v.* ARNOLD.

### Opinion delivered April 16, 1904.

1. TAX SALE—CLERK'S REPORT.—Under Gould's Dig., c. 148, § 123, providing that the county clerk shall attend tax sales, and make a record thereof in a book to be kept for that purpose, and that he shall make out and certify to the auditor a copy of such record, a report of a tax sale furnished by the clerk to the auditor, not purporting to be a copy of the above record, is not evidence of the facts therein stated against third parties. (Page 373.)

2. APPEAL—EVIDENCE ADMITTED WITHOUT OBJECTION.—Where testimony was admitted without objection, appellant cannot complain that the court considered it as competent evidence. (Page 374.)

3. TAX SALE—VALIDITY.—A report of a tax sale which stated in separate columns the amount of the tax, penalty and costs, though admitted in evidence without objection, cannot, for the purpose of invalidating the sale, be taken as evidence that the land was sold for the sums named, in the absence of an express statement to that effect. (Page 374.)

4. TAX TITLE—SALE TO STATE—VALIDITY.—Under Gould's Dig., c. 148, § 123, the title of land sold the state at tax sale vested in the state by virtue of the sale, notwithstanding the clerk failed to file a proper transcript thereof with the auditor. (Page 375.)

Appeal from Little River Circuit Court.

WILL P. FEAZEL, Judge.

Reversed.

### STATEMENT BY THE COURT.

John H. Arnold brought this action of ejectment against W. A. Wagner in the Little River circuit court to recover the north half of the northwest quarter of section 25, township 13 south, range 32 west, containing 80 acres. Arnold introduced deeds showing a chain of title extending from the United States to himself. The defendant does not controvert these conveyances, but he bases his right to the land on a deed from the auditor of the state dated 21st of June, 1871, conveying land to Rebecca Wagner, and a deed from her to him.

To show that the collector sold the land for more costs than the law permitted, the plaintiff first proved that the original records of Little River county for the years 1867 and 1868 had been destroyed by fire, and then introduced and read in evidence a certified transcript of a report made by the sheriff and clerk of that county to the auditor, showing amount of taxes and different items of costs for which land was sold. The circuit court held that the tax sale upon which the auditor's deed was based was void, and gave judgment in favor of the plaintiff. Defendant appealed.

*Kirby & Carter,* for appellant.

The statement certified by the auditor was not competent evidence. 2 Ark. 315; 1 Ark. 232; 50 Ark. 562; 51 Ark. 130; Sand. & H. Dig. § § 2881, 2886-7; 1 Greenleaf, Ev. § 498; 47

Ark. 300; 43 Ark. 303; 17 Ark. 218. The state's title to the land did not depend on the clerk's certifying a copy of sales to its auditor. 43 Ark. 304; 46 Ark. 102. The land was properly described in the advertisement of sale. 59 Ark. 460; 46 Ark. 96. The statute of limitation had run against the original owner. Gantt's Dig. § 3900.

*E. F. Friedell* and *W. H. Arnold,* for appellee.

The certified transcript of the auditor was competent evidence. 55 Ark. 290; 1 Greenleaf, Ev. § § 483-4. The land was not properly described. 59 Ark. 461. The amount of costs charged was excessive. 56 Ark. 95; 63 Ark. 39; 32 Ark. 45. The filing of the assessment list as provided by law was an absolute prerequisite to give the other officers jurisdiction to take any steps in the sale of the land. Sedg. Stat. Law, 355; 18 How. (U. S.) 137; 56 Ark. 276; 57 Ark. 557. There was no legal assessment. Blackwell, Tax Tit. § § 27, 29; 27 Ark. 587. The tax levy was excessive. 32 Ark. 498; 53 Ark. 204. The land was not legally advertised. 55 Ark. 220; 140 U. S. 634; 68 Ark. 249; 42 Ark. 93; 30 Ark. 661; 63 Ark. 475; 56 Ark. 95; 61 Ark. 40. The rate of interest to be paid by the owner was 6 per cent. 54 Ark. 669.

RIDDICK, J. (after stating the facts). This is an appeal from a judgment of the circuit court holding a tax sale upon which the title of defendant was based to be void. The evidence shows that the courthouse of Little River county was destroyed by fire about 1881, and that the tax records for years 1867 and 1868 were probably also destroyed by fire at that time, and cannot now be found.

To show that the land was sold for more costs than the law authorized, and to show other facts in reference to the tax sale at which it was sold which would render the sale invalid, the plaintiff, in the absence of the original records, introduced a certified transcript of the report of the sale made by the sheriff and clerk to the auditor of the state, and on file in his office. Though the defendant objected to the introduction of other documentary evidence, the bill of exceptions does not affirmatively show that he did so as to this transcript. As the trial was before the presiding judge without a jury, we take it that the transcript was permitted to be introduced as evidence, and that the judge might

give it such weight as the law permitted. Had proper objection been made to its introduction, we think the court should have excluded it, for neither the clerk nor the sheriff was required to make such a report to the auditor under the law in force at that time. The statute in force at that time provided that the clerk of the county court, or his deputy, should attend all sales of land for taxes, and "make a record thereof in a book to be kept for that purpose, therein describing the several tracts of land and town lots, as they are described in the list, stating in separate column state and county taxes and costs, and how much of each tract or lot was sold, and to whom sold;" and further provided that the clerk should "make out and certify to the auditor of public accounts a copy of such record." Gould's Digest, c. 148, § 123. It will be noticed, as before stated, that the statute does not require that the clerk shall make a report of the tax sale to the auditor. It required that he should make a record of the sale in a book kept for that purpose, and that he should send a certified copy of this record to the auditor. Such a record of the tax sale or a certified copy thereof would, of course, be evidence of the facts therein stated, and which the law required should be recorded by the clerk, but the mere report of a clerk to the auditor stating the facts of a tax sale is not evidence against third parties of the facts therein stated, any more than a report made by any other person not required by law to make such a report.

But, as the certified copy of this report seems to have been admitted as evidence without objection on the part of the defendant, it may be said that he has no right to complain if the court considered it as competent evidence of the facts therein set forth. Conceding that this is true, the report would only be evidence of the facts stated or certified in the report. These facts are that the land was sold to the state for nonpayment of taxes on the 30th day of April, 1868, and that the sale had previously been advertised in the Washington Telegraph for thirty days. If these statements are admitted to be true, they do not show that the sale was invalid. While in this report of the sheriff and clerk there appears in separate columns the amount of taxes, penalty and costs, there is no statement that the land was sold for the sums named, and we do not think the report, if considered at all, can be taken as evidence of such fact. But if we reject it as evidence

of such fact, there is nothing to show that the tax sale was invalid.

The clerk, as we have before stated, was required to make a record of the sale, and send a certified transcript of this record to the auditor. Neither the auditor nor any one else has testified that no such transcript is on file in the auditor's office, but if the clerk failed to file such transcript, that did not, under the statute then in force, prevent the title of the land sold to the state from vesting in the state. The title was under that statute vested in the state by virtue of the sale, and the failure of the clerk to file a proper transcript did not affect the title. Gould's Digest, c. 148, § 134; *Keith* v. *Freeman,* 43 Ark. 303. The deed from the auditor makes a *prima facie* case of title for the defendant, and as there is, in our opinion, no evidence to show that the tax sale upon which the title of the state is based was invalid, we think the court erred in holding that the plaintiff had the superior title.

Counsel for plaintiff contend that the case of *Joyner* v. *Harrison,* 56 Ark. 276, held that the act creating Little River county required that the assessment for 1867 should be made by the sheriff of that county, and that it was impossible for him to do so and file it within the time required by law. But the opinion in that case, when read in connection with the statement of facts and the quotation made from the act creating Little River county, shows, we think, that the court recognized that the sheriff of Little River county, as to the territory detached from Sevier county, was to take the assessment made by the assessor of Sevier county, and file that in the office of the clerk of the county court of Little River county, as the assessment of such property. It will be noticed also that the court upheld the tax title in that case, which, under the view of counsel, would have been invalid.

For the reasons indicated, we think the court erred in overruling motion for a new trial. The judgment of the court is therefore reversed, and the case remanded for a new trial.