## WAGNER *v.* ARNOLD.

Opinion delivered June 24, 1905.

APPEAL—REVERSAL—UNDETERMINED ISSUE.—Where the record shows that the court below did not dispose of an issue raised by the complaint, and there is no showing that it was abandoned by the plaintiff, who on other issues obtained a judgment which was not sustained on appeal, the cause will be reversed, not with directions to dismiss the complaint, but to proceed, if plaintiff desires, to pass upon the undetermined issue.

Appeal from Little River Chancery Court.

JAMES D. SHAVER, Chancellor.

Reversed.

*J. M. Carter,* for appellant.

*E. F. Friedell* and *W. H. Arnold,* for appellee.

WOOD, J. This is a suit by appellee against appellant to quiet title to the northwest quarter of section 24, township 13 south, range 32 west, in Little River County. Appellee deraigned title through various parties from the United States to himself. He also deraigned title to the south half of the northwest quarter, *supra,* through John B. Jones, from the State of Arkansas. Under the overdue tax law the appellant claimed title by virtue of a donation deed executed June 21, 1871. The chancellor tried the issue upon facts precisely similar to those set forth in *Wagner v. Arnold,* 72 Ark. 371, 80 S. W. 577, and held that appellee's title was valid and superior to the title of appellant, and canceled appellant's donation deed, and quieted the title of appellee to the land in controversy. For the reasons given in *Wagner v. Arnold,*

*supra,* that was error, for which the judgment must be reversed. As to the north half of the northwest quarter of said section, the decree will be entered here for appellant, dismissing the complaint of appellee as to said tract. But as to the south half of the northwest quarter, *supra,* it appears that the court did not pass upon appellee's claim of title through the overdue tax decree set up in his complaint. Appellant claims in his brief that this claim was abandoned. Appellee claims that it was not abandoned. The record is silent upon the question. The chancellor found "that the plaintiff, John H. Arnold, claims said tract of land [the northwest quarter, *supra*] and deraigns his title in the following manner, towit: .The State of Arkansas to the heirs of George W. Underhill, deceased; Virginia Diamond, as sole surviving heir at law of George W. Underhill, deceased, to John B. Jones; John B. Jones to the Pulaski Land Company; and the Pulaski Land Company to John W. Arnold, the plaintiff." The chancellor, having found that this title to the whole tract was "valid, and superior to the title of defendant," deemed it unnecessary to proceed to pass upon the claim of title also set up by plaintiff to the south half of the northwest quarter, above mentioned. But the record only shows that the court did not pass upon this claim. It does not show that plaintiff abandoned it. Inasmuch as it appears that the lower court did not pass upon and determine whether this claim of appellee to the south half was superior to the title of appellant, we will remand the cause as to that claim, with directions to the lower court to proceed, if the plaintiff so desires, to pass upon that issue.