FIDDYMENT v. BATEMAN.

Opinion delivered December 19, 1910.

1. TAXATION—OVERDUE TAX SALE—VALIDITY.—Where an overdue tax decree recited that due notice was given by publication of warning order as required by law, it will be presumed on collateral attack that due notice was given, though the proof of the warning order was defective in failing to show that the newspaper in which the publication was made had a *bona fide* circulation in the county and had been regularly published therein for one month before the date of the first publication of the warning order, and was also defective in failing to show the date of the second insertion of the warning order. (Page 79.)

2. JUDGMENTS—PRESUMPTION OF REGULARITY.—Where a decree entered upon the record of the chancery court purports to have been rendered on a day when such court was in session, though it was entered upon the record after the entry of an order adjourning the court for the term, it will be presumed that the decree was rendered in term time, and not in vacation. (Page 79.)

3. JUDICIAL SALE—SUFFICIENCY OF CONFIRMATION.—A decree confirming a commissioner's sale of numerous tracts will be held to be a confirmation of each tract included therein. (Page 81.)

4. TAXATION—SALE OF STATE LANDS FOR TAXES.—As State lands are not subject to taxation, a sale thereof for delinquent taxes is void and passes no title. (Page 81.)

Appeal from Monroe Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*H. A. Parker and C. F. Greenlee,* for appellant.

*Thomas & Lee,* for appellee.

KIRBY, J. This is a suit by appellees claiming to be the owners of the east half of the east half of section 21 in township 2 N., range 2 W., in Monroe County, against appellant to cancel certain tax deeds as a cloud on their title and to enjoin appellant from cutting timber from said lands, he being insolvent.

Appellees alleged that Harry Ezzell and T. J. Hays purchased said lands jointly from the State of Arkansas, and that

same were conveyed to them by F. E. Conway, Land Commissioner, by deed on November 14, 1902; that on April 22, 1906, T. J. Hays executed to T. T. Bateman a deed conveying his one half interest in said lands, and further "that said land was sold by the tax collector of Monroe County, Arkansas, on the 11th day of June, 1900, to M. J. Manning, and the certificate was issued to the said M. J. Manning; said certificate was transferred to W. C. Fiddyment, and deed issued to the said W. C. Fiddyment on the 3d day of February, 1902. Plaintiffs further state that said land was sold for taxes on June 13, 1898, for the taxes of 1896 and 1897; the same was sold to W. C. Fiddyment, and on February 2, 1906, W. C. Fiddyment obtained a tax deed from the clerk of Monroe County, Arkansas. Plaintiffs state that said sale was void for the reason that at the time said sales were made the land belonged to the State of Arkansas, and was not subject to taxation. Plaintiffs state that they are the owners of said land, and that said tax deeds are a cloud upon their title, and they ask that the same be set aside and held for naught;" alleged that Fiddyment was insolvent and cutting timber; and asked for an injunction, etc.

Appellant answered, admitting that the lands were sold for taxes, and that he obtained deeds therefor as alleged in the complaint; denied that the tax sales were void by reason of the State being the owner at the time thereof; denied that appellees were the owners of the lands and their right to have his deeds cancelled; admitted that the appellees purchased the lands from the State, and alleged that their deed from the State to same was void because the State was not the owner thereof when the deed was made; alleged the overdue tax sale was void because there was no proper proof of publication of notice, because the decree of foreclosure and sale was made in vacation, and because the lands described herein were never sold under said decree, and because the sale thereof was never confirmed by the court.

The chancellor found appellant's tax deeds void, the title to the land being in the State at the time of the sales for taxes and not subject to taxation, and that they were a cloud on appellees' title; that the land was sold to the State on March 21, 1884, under a decree of the Monroe Chancery Court in a proceed-

ing for the collection of overdue taxes, and that the sale was duly certified to the clerk of Monroe County by the commissioner and duly certified to the State Land Office for record, and that said sale was duly confirmed by the Monroe Chancery Court, and that the purchasers from the State became the owners of the land under said Land Commissioner's deed of November 14, 1902, and that T. T. Bateman purchased T. J. Hays' interest; cancelled appellant's tax deeds as a cloud on appellees' title, and made the injunction permanent. From this decree appellant appeals.

Appellant makes a collateral attack on the decree, and challenges the validity of the sale to the State under the overdue tax proceedings, claiming it is void:

(1) Because the proof of publication of warning order is defective, and

(2) Contends that the decree of October 13, 1883, of foreclosure and sale was not made by the court, but was rendered in vacation.

(3) That there was no report of sale and confirmation thereof of these lands, as the law requires.

(4) He claims further that, if the title to the lands was vested in the State by the overdue tax sale, he purchased them at tax sales and obtained tax deeds therefor before the State conveyed them to appellees, and that the State and its grantees are estopped to dispute his title.

1. The affidavit in proof of publication of warning order was as follows:

"State of Arkansas, County of Monroe.

"I; J. Hector Harris, solemnly swear that I am publisher of the *Monroe County Sun,* a newspaper published in Clarendon, in said county and State, and that the above and annexed advertisement was published two times in said newspaper, the first insertion being on the 24th day of February, 1882. J. Hector Harris, Publisher.

"Subscribed and sworn to before me this 24th day of March, A. D. 1882.

"H. B. Bateman, J. P.

"Filed March 24, 1882.

"W. S. Dunlop, Clerk."

The decree of the court in the overdue tax proceedings recites: "And it appearing to the satisfaction of the court that on the filing of the complaint in this action the clerk of this court entered upon the records of this court an order that all persons having any right or interest in the land, lots or blocks mentioned and described in said complaint should appear in this court within forty days from the date of said order and show cause why a lien should not be declared on said land for taxes due and unpaid thereon, and why said lands should not be sold because of the nonpayment thereof; and it further appearing to the satisfaction of this court that the clerk of this court caused the said order to be published as required by law, and did give the notice required by law, and that the proof of which notice, verified and proved as required by law, was filed as required by law."

It is true that the affiant does not swear that "such newspaper had a *bona fide* circulation in the county and had been regularly published therein for one month before the date of the first publication of the warning order," nor the date of the second insertion of the advertisement. No statute forbids the introduction of parol testimony to prove the publication of notice in cases of this kind, and the decree recites: "and it further appearing to the satisfaction of this court that the clerk of this court caused the said order to be published as required by law, and did give the notice required by law, and that the proof of which notice, verified and proved as required by law, was filed," etc. Such recital that notice has been given is evidence of that fact. Section 4425, Kirby's Digest. And as the court said in *Clay* v. *Bilby,* 72 Ark. 108: "If the decree or judgment does not exclude the conclusion, the presumption is that sufficient and competent evidence was before the court to sustain its findings as to the publication of notice. *McLain* v. *Duncan,* 57 Ark. 49, 53; *Scott* v. *Pleasants,* 21 Ark. 364; *Porter* v. *Dooley,* 66 Ark. 1; 1 Bailey, Jurisdiction § 172g, and cases cited." The law only required a copy of said order to be published for two insertions, and a like omission in an affidavit in a case of this kind except as to date of second insertion has been held to be a mere irregularity which did not affect the jurisdiction of the court or the validity of the decree. The omission in this affidavit could not amount to more than an

irregularity, within the meaning of the decision in *Clay* v. *Bilby, supra,* and cases cited.

2.   It is next contended that the decree was rendered in vacation and void. This is attempted to be shown by an exemplification of each page of chancery record "D" of Monroe County from page 145 to page 191, except the lists of lands therein. On page 145 is the opening order of the regular October term, 1883, of the Monroe Circuit Court, and on page 163 is the order, among other proceedings had October 13, 1883, adjourning court until court in course. This order is signed by the judge. On pages 164, 165 and 166 following appear some vacation orders, and on page 167 appears the final decree in the overdue tax proceedings. It recites at the top of the page, "Decree rendered October 13, 1883;" then follows the caption of the case and decree—"Now on this day this action coming on for final hearing upon the complaint and proof adduced"—and ends on page 188 of the record. On pages 189 and 190 are some vacation orders, and on 191 is the opening order of the March, 1884, term of the Monroe Circuit Court. Is this sufficient evidence that this decree was made in vacation? Certainly not. Court records import verity, and this decree purports to have been, and recites that it was, rendered on the 13th day of October, 1883, a day upon which the records show that the court was regularly open and transacting business.

It does appear in the record two or three pages after the adjourning order of the same date, and two or three vacation orders are entered between it and the order of adjournment, but this is not proof that it was not made or rendered in term time on October 13, as it purports to be, and at most only tends to show it may not have been entered or recorded until after adjournment, and if such was the fact it would still be valid.

This court said in *Williams* v. *Ritchie,* 77 Ark. 304: "The fact that the clerk failed to enter the decree upon the records of the court until a subsequent day, even beyond the term, did not affect its validity." The presumptions are in favor of the regularity of the rendition and entry of decrees. *Williams* v. *Ritchie,* 77 Ark. 305; *Lyon* v. *Bass,* 76 Ark. 534; *Arkadelphia Lumber Co.* v. *Asman,* 72 Ark. 320.

In this opinion we do not consider the effect of section 9

of the overdue.tax act, providing: "For the purpose of taking any step in any suit brought under this act the court shall be considered as always open," etc.; not thinking it necessary to do so.

3. Was the sale of these lands confirmed? The court record recites after the style of the case:

"State of Arkansas *ex. rel.* Monroe County, Plaintiff, *v.* Certain Lands upon which taxes are overdue and unpaid, Defendant. Report of Commissioner Confirmed.

"On this day the report of the commissioner in this cause heretofore filed herein, and the commissioner thereof continued for examination, is submitted to the court for confirmation, and, there being no exception interposed thereto, said report is approved, and the sale therein reported in all things confirmed by the court, and it is ordered that the same be entered of record, which is in words and figures as follows."

' This report of sale by the commissioner was made under the final decree of the chancery court of Monroe County. The land in controversy was included in said final decree, and the report of the commissioner shows that all the lands included in said final decree were sold "tract by tract and lot by lot," and that all the lands were sold, either to individuals or to the State; shows what lands were sold to individuals, and that all the remaining tracts not sold to individuals were sold to the State, including necessarily and of course the lands in controversy here. This report of sale being duly confirmed as shown by the court order above set out, we think that the proceedings show a confirmation of the sale of the land in controversy to the State.

The sale having been confirmed, as this court said in *Kelley* v. *Laconia Levee Dist.,* 74 Ark. 206: "The effect of the confirmation was to complete the sale, the court having jurisdiction."

It is further contended that, without regard to the validity of the overdue tax sale to the State of these lands, appellant should be held to be the owner thereof, having purchased same at tax sales and obtained tax deeds therefor in 1902, and on February 2, 1906, before the deed was made by the Land Commissioner of the State conveying them.

The title to these lands was vested in the State by the said sale under the proceeding for the collection of overdue taxes,

and they belonged to the State, and were not subject to taxation nor sale therefor at the time they were sold for taxes and purchased by appellant, and such sales and the deeds thereunder are void, and appellant acquired no title thereby.   Section 4419, Kirby's Digest; *Chism* v. *Price,* 54 Ark. 269; *Joyner* v. *Harrison,* 56 Ark. 276; *Muskegon Lumber Co.* v. *Brown,* 66 Ark. 542; *Carraway* v. *Moore,* 75 Ark. 146; *Brinneman.,*v. *Scholem,* 95 Ark. 65.

It follows that the State's deed to these lands conveyed the title to Harry Ezzell and T. J. Hays, and, T. T. Bateman having acquired the interest of Hays by deeds, appellees were the owners thereof, and entitled to have the tax deeds of appellant cancelled as a cloud on their title.

Finding no error in the case, the judgment is affirmed.

Mr. Justice HART dissents from that part of the opinion holding the final decree valid, and thinks the court record shows it to have been made in vacation.