WALKER ET AL V. TAYLOR.

43 543
76 455

1. LAND COMMISSIONER'S DEEDS: *Recitals in, unneccessary.*

The commissioner of state lands is not required by statute to make any recitals in his deeds of lands forfeited for taxes. They convey whatever title the state had without recitals. In the absence of allegations and proof to the contrary the courts presume that everything which should have been done by the different officers, was done, in order to vest title in the state.

2. PLEADINGS: *Exhibits*

A deed exhibited with a complaint in ejectment, is no part of the complaint, and if defective, can be avoided only by exceptions to it as evidence. It is no ground for demurrer to the complaint.

APPEAL from *Jackson* Circuit Court.

Hon. R. II. POWELL Circuit Judge.

*W. R. Coody* for appellant.

1. The annexed complaint good, the title sufficiently stated, with deed exhibited and set out. *Acts* 1875, *p.* 229.

2. The deed from the state is sufficient evidence of appellant's title, and that all things required were properly done, until the contrary is shown. *Act Dec.* 13 1875, *p.* 92; 31 *Ark.* 609, 610.

3. The deed being the foundation of the action and required to be exhibited therewith, becomes part of the pleadings, and is conclusive on the demurrer in this case. *Gantt's Digest, Secs.* 4599–4600.

EAKIN, J. Action in ejectment. Appellants in this complaint say that by virtue of a certain deed from the commissioner of state lands, Mrs. Walker is the owner, and entitled to the possession of the land in controversy; that the defendant holds the possession without right, and has for a long time, unlawfully, kept the plaintiff out of posses-

sion. She describes the land and exhibits the deed. It was executed by the commissioner on the 27th of May 1879, and recites that the land was forfeited to the state for taxes of 1868, and that they appeared upon the books of the office as vacant and subject to sale. Then follows the consideration of taxes paid by Mrs. Walker, and the words of conveyance.

The circuit court sustained a demurrer to the complaint, upon which complainants rested, and appealed from the judgment entered.

Neither the record, nor the counsel for appellee, affords us any information of the grounds upon which the honorable circuit judge made his ruling, and none suggest themselves as valid. The allegations of the complaint contain everything essential to the right of recovery. If there had been any defect or want of certainty, it should have been met with a motion to make more definite.

The commissioner was not required, by statute, to make any recitals in his deed. It is effective to convey whatever right the state had. In the absence of any allegation or proof to the contrary, the courts presume that every thing which should have been done by the different officers, was done, in order to vest title in the state.

But that is of no consequence at this stage of the proceedings. If the deed be invalid from any cause not suggested to us, it should have been met by exceptions to it as evidence. It forms no part of the pleadings, and should not have been considered on demurrer. *Jacks v. Chaffin*, 34 *Ark.*, 534.

The court erred in sustaining the demurrer. For which reverse the judgment, and remand, with directions to overrule it, and for further proceedings.