## MUSKEGON LUMBER COMPANY *v.* BROWN.

<div style="float:right">

66  539
73  264

</div>

Opinion delivered June 24, 1899.

1. TAX SALE—COSTS.—Under the revenue act of 1871 (Acts 1871, p. 162),
the tax collector had no authority to sell lands delinquent for taxes for
any costs except the cost of advertising.  (Page 542.)

2. SAME—STATE LANDS.—Lands which have been sold to the state for
non-payment of taxes under an overdue tax decree are the property of
the state, and not subject to taxation while so owned.  (Page 542.)

3. SALE OF FORFEITED LANDS—CLERK'S CERTIFICATE.—The commissioner
of state lands had no authority, under Sand. & H. Dig. § 4565, to sell
lands forfeited to the state for non-payment of taxes until their forfei-
ture had been duly certified to him by the county clerk.  (Page 542.)

Appeal from Grant Circuit Court, in Chancery.

ALEXANDER M. DUFFIE, Judge.

*Hill & Auten*, for appellant.

The deed in this case is sufficient to convey to appellant all the title which the state had. 1 T. B. Mon. 30; 35 Neb. 587. The state is bound by its contracts in the same degree as if it were an individual. 22 Am. St. Rep. 626; 104 Cal. 690; 127 Ind. 204; 71 N. Y. 549; 43 Am. St. Rep. 158; 42 Ala. 548; S. C. 94 Am. Dec. 665; 2 Paine, 557; 4 Peters, 87; 8 How. 313; 3 Johns. Cas. 174; 22 Ala. 718; 7 Cal. 527; 10 Mass. 155; 3 Pick. 224.

*Wood & Henderson*, for appellee.

The tax sale of 1872 is void because the items of twenty-five cents to the clerk and fifty cents to the collector were not legal charges to include in the price for which the land was sold. 56 Ark. 93; 61 Ark. 36; 61 Ark. 414. Also, because the tracts were sold in groups. 61 Ark. 414; 55 Ark. 104; 30 Ark. 579; 31 Ark. 491. At the date of the sale the county clerk had not certified the lands to the commissioner of state lands, and hence the latter had no authority to sell them. 28 Ark. 356; 48 Ark. 155; 42 Ark. 118; 39 Ark. 580; 40 Ark. 251; 54 Ark. 269; 7 Wall. 666; 4 S. W. 878; 31 Ark. 340. Appellant's suing out the injunction estops him to set up a title acquired in violation thereof. 49 Ark. 253; 53 Ark. 314; 47 Ark. 320; 57 Ark. 638; 47 Ark. 301; 7 Am. & Eng. Enc. Law, 22, notes.

BATTLE, J. The Muskegon Lumber Company applied to the Grant circuit court for a decree confirming a purchase of certain lands by it from the state of Arkansas. A part of these lands were claimed and held by the state under a forfeiture in 1872 for the taxes of 1871, and the penalty and costs charged against the same. The lands last referred to are as follows: the E. $\frac{1}{2}$ of N. E. $\frac{1}{4}$ of section 35 and the N. E. $\frac{1}{4}$ of N. W. $\frac{1}{4}$ and the S. E. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$ of section 36, in township 5 south and range 15 west. Another part of the lands so purchased was held and claimed by the state under a forfeiture in 1886 for the taxes assessed against the same for the years

1876 and 1885 and the intervening years. The latter part is as follows: The S. E. 1/4 of N. W. 1/4, and the S. 1/2 of N. E. 1/4, and the S. E. 1/4, and the N. E. 1/4 of S. W. 1/4, of section 26, and the S. W. 1/4 and the N. 1/2 of S. E. 1/4 of section 35, in township five south and in range fifteen west. Joseph Brown appeared, and answered the application for confirmation, and claimed the lands forfeited for the taxes of 1871 and one undivided half of the other lands above described, and alleged that the forfeiture of all the lands claimed by him was illegal, null and void. The trial court, upon a final hearing, declared the forfeitures and purchases aforesaid void, to the extent they affect the title of Brown to the land in controversy.

Each tract of the land forfeited in 1872 was sold to the state for the taxes assessed against it for 1871 and penalty, and the costs of advertising them for sale, and for the sum of twenty-five cents as clerk's costs, and the sum of fifty cents as collector's costs. The lands forfeited in 1886 were sold to the state under a decree of the Grant circuit court, rendered in an action instituted on the relation of T. C. Trimble, under an act of the general assembly entitled "An act to enforce the payment of overdue taxes," approved March 12, 1881. They were sold under this decree on the 18th day of September, 1883, for the taxes of the years 1876 to 1880 inclusive. After this sale was confirmed by the circuit court, taxes were assessed against the lands that were sold under the same for the years 1876 to 1885, inclusive, and the lands were forfeited and sold to the state for the last mentioned taxes on the 16th day of April, 1886. The lands forfeited in 1872 were sold to the state under the same decree. The clerk of Grant county failed to certify to the commissioner of state lands that the lands were sold under the decree. He was restrained by an order of the Grant circuit court from so doing. He, however, certified the forfeitures in 1872 and 1886 to the commissioner of state lands, who sold the lands, under the forfeitures so certified, to the Muskegon Lumber Company, on the 6th and 15th days of April, 1891, while the restraining order was still in force.

All the lands in controversy belong to Brown, to the extent he claims the same, provided the sale or forfeiture of them

in 1872 and 1886, and the sale under the decree, were illegal. The question is, were the forfeitures in 1872 and 1886 valid? The sale under the decree is unquestioned. But he cau redeem from this sale, if his title be otherwise valid. Acts of 1895, p. 35.

The forfeiture in 1872 was void, because the collector had no authority to sell lands delinquent for taxes for any costs except the cost of advertising. Acts of 1871, pp. 162, 186, §§ 100, 101, 102, 103, 105 and 187; *Cairo & Fulton Railroad Company* v. *Parks*, 32 Ark. 131; *Goodrum* v. *Ayers*, 56 Ark. 93; *Cooper* v. *Freeman Lumber Co.*, 61 Ark. 36; *Salinger* v. *Gunn*, 61 Ark. 414.

The forfeiture in 1886 was void, because the lands belonged to the state, and were not subject to the taxation on account of which they were forfeited in that year, they having been previously sold to the state under the decree of the Grant circuit court. Sand. & H. Dig. § 4675; *Joyner* v. *Harrison*, 56 Ark. 276.

At the time the Muskegon Lumber Company undertook to purchase the land in controversy, the statutes conferred upon the commissioner of state lands no authority to sell land forfeited to the state for non-payment of taxes until they were certified to him by the county clerk. Sand. & H. Dig. § 4565. The forfeiture and the certificate of the clerk vested him with the power to sell. The office of the certificate was to inform officially him of the forfeiture, and that the land was subject to sale by the state on account of such forfeiture. Until he secured this information, he had no power to act. If the forfeiture was void, the certificate conferred no power, and could not have been made to serve the purpose of certifying sales or forfeitures to the state, which the law required to be certified to him by another certificate. Each certificate served its own purpose, and ceased to be of any effect if the forfeiture certified by it was void. A forfeiture did not confer any power to sell until it was certified, and the deed of the commissioner vested no title, which he had no power to convey.

The act to enforce the payment of overdue taxes required the sale of lands under decrees to the state for taxes to be cer-

tified to the county clerk, and made it his duty to send certified copies of the certificate to the commissioner of state lands ·and to the auditor.    That was not done in this case.

Decree affirmed.

BUNN, C. J., and RIDDICK, J., did not participate.