### PRATT *v.* FRAZER.

#### Opinion delivered June 20, 1910.

1. PLEADING—DEMURRER—WAIVER.—Where a cause has proceeded to final adjudication without judgment of the court upon demurrer filed in same, the demurrer will be considered to have been waived. (Page 408.)

2. SAME—WHEN DEFECT OF JURISDICTION NOT WAIVED.—It is only where the complaint discloses on its face the court's total lack of jurisdiction that such defect can not be waived, or cured by consent, and may be raised for the first time on appeal. (Page 408.)

3. ACTIONS—TRANSFER—WAIVER.—The right to have a suit in equity transferred to the circuit court is waived by voluntarily submitting to a trial of all the issues by the chancery court. (Page 408.)

4. PARTNERSHIP—SALE OF STOCKS.—Where two persons agreed to sell
   the stock of an insurance company and to divide the expenses
   and profits equally, a partnership is created, and all commissions
   received by either must be divided with the other partner.
   (Page 408.)

Appeal from Pulaski Chancery Court; *John E. Martineau,*
Chancellor; affirmed.

### STATEMENT OF THE COURT.

This suit was instituted in the Pulaski Chancery Court by
George P. Frazer against John R. Pratt. The complaint in
substance alleges that the parties to the suit formed a partner-
ship for the purpose of selling stock for an insurance company,
and that by its terms they shared equally the profits and
losses.

The defendant, Pratt, demurred to the complaint because it
did not state facts sufficient to constitute a cause of action, and
because the court did not have jurisdiction to hear and deter-
mine the case. The record does not show any ruling of the
court upon the demurrer.

The defendant then answered. He denied that a partner-
ship existed between him and the plaintiff, and denied that he was
indebted to him. The facts are practically undisputed, and are
substantially as follows: Some time in April or May, 1908,
G. P. Frazer received a letter at his office in Little Rock, Ark.,
from the Co-operative Company of Rome, Ga., asking him how
it would suit him for John R. Pratt to come over and for them
to sell the stock of the company together. He answered that
it would be all right.

Some time in May, 1908, Pratt came to his office and they
made a verbal agreement to sell the stock together. They were
to receive 20 per cent. commissions on all stock sold, and they
agreed to share equally the expenses and profits. Later they
reduced the agreement to writing, and it is as follows:

"This agreement, entered into this, the 27th day of July,
1908, between and by George P. Frazer and John R. Pratt,
as follows:

"That on all stock sold in the State of Arkansas for the
Co-operative Agency Company, of Rome, Ga., it is mutually
agreed that the commissions are to be divided equally between
said George P. Frazer and John R. Pratt.

"This contract may be terminated by giving each or either party ten (10) days' notice. In witness hereof we have hereunto affixed our signatures."

Both parties testify that they were to share equally the profits and losses.

Pursuant to the terms of their agreement, they sold 1,430 shares of the stock, and then, after deducting the expenses, they divided equally the 20 per cent. commissions. Later, Frazer learned that Pratt had an individual contract with the company whereby he was to receive an additional sum or bonus of one dollar for each share of stock sold. Frazer did not learn of Pratt having this additional contract with the company until after his settlement with him, and he claims that he is entitled to one half of the fruits thereof by virtue of his contract with Pratt. To recover it he instituted this action.

Pratt does not deny having received the additional $1 for every share of stock sold by him and Frazer, but contends that it was a bonus or gratuity given to him individually, and that Frazer was not entitled to share therein. There is no controversy as to the amount, if anything is due Frazer. The court found for the plaintiff Frazer in the sum of $710, and to reverse the decree rendered this appeal has been prosecuted.

*Cammack & White* and *Carmichael, Brooks & Powers,* for appellant.

The complaint does not state facts sufficient to constitute a cause of action. 44 Ark. 423; 63 Ark. 518; 30 Cyc. 378, 414. The contract did not create a partnership. 74 Ark. 437; *Id.* 615; Parsons on Part., 6; 1 Lindley on Part., p. 2. Commission means a percentage on the amount of money paid out and received. 16 So. 701; 105 Ala. 142; 7 Phila. 242. The construction of a contract free from ambiguity and technical words is a question of law. 75 Ark. 75; 64 Ark. 43. The test of a partnership as between the parties themselves is their actual intent. 44 Ark. 428.

*Robert L. Rogers* and *Will Akers,* for appellee.

The question of partnership should have been raised by motion to transfer to the law court. Since it was not raised in that way, it will be treated as waived. 32 Ark. 562; 37 Ark. 286; 82 Ark. 407. If substantial justice has been done, this

court will not reverse. 54 Ark. 468; 34 Ark. 105. Sharing profits is conclusive unless there are circumstances altering the nature of the contract. 74 Ark. 442; 80 Ark. 27; 87 Ark. 412; 131 Fed. 124; 142 Fed. 613. One partner will not be permitted to reap for himself a private benefit from firm transactions. 10 W. Va. 418; 131 Ia. 102; 100 Minn. 98; 107 Va. 249; 5 Ark. 580; 63 Ark. 513; 53 Ark. 153; 88 Ark. 373; 58 W. Va. 44. If the decree is supported by a preponderance of legal evidence, the case will not be reversed for the admission of improper evidence. 76 Ark. 252; 56 Fla. 768; 224 Ill. 300.

HART, J., (after stating the facts). "Where a cause has proceeded to final adjudication without judgment of the court upon demurrer filed in same, the demurrer will be considered to have been waived." *Kiernan* v. *Blackwell,* 27 Ark. 235. As far as the record discloses, the court was never called upon to rule upon the demurrer, and the cause may be said to have proceeded to final adjudication in the chancery court by consent of the parties.

The rule is well settled that it is only where the complaint discloses on its face the court's total lack of jurisdiction that the defect can not be waived and can not be cured by consent, and may be raised for the first time in the appellate court. Conceding, without deciding, that the appellant had a right to have the cause transferred to the law court, he waived that right by voluntarily submitting to a trial of all the issues by the chancery court. *Love* v. *Bryson,* 57 Ark. 589; *Collins* v. *Paepcke-Leicht Lumber Co.,* 74 Ark. 81, and cases cited.

Under the facts set out in the statement of the case, the agreement entered into between the parties to the suit for the purpose of selling the insurance stock constituted a partnership. *Culley* v. *Edwards,* 44 Ark. 423; *Buford* v. *Lewis,* 87 Ark. 412; *Rector* v. *Robins,* 74 Ark. 437; *Herman Kahn Co.* v. *Bowden,* 80 Ark. 23.

In the case of *Smith* v. *Hill,* 13 Ark. 173, the court held: (quoting from syllabus): "A partnership for the practice of law is legal, and, as in other partnerships, the act of one partner in the professional business is the act of all the partners. Every responsibility incident to other partnerships in general attaches to legal partnerships as well as corresponding rights." In like manner the employment of the services of persons to sell the

stock of insurance companies is a legitimate business, and a partnership may be formed for that purpose. Such firms are denominated in law non-trading partnerships, or partnerships in occupation. 1 Bates, Partnership, § 329.

Here appellant and appellee entered into such a partnership. They agreed to share equally the profits and losses. They received a sum as compensation which depended upon the amount of sales of stock they made. The expenses of conducting the business were first to be deducted, and then the profits, if any, were to be divided equally between them. The word "commission" as used in the contract, evidently was intended to mean the compensation they were to receive for their services, just as the compensation paid to a firm of attorneys is usually called their fee. The $1 additional which the company agreed to pay appellant as a bonus was but an additional compensation for the extra exertion. In this, as well as in other partnerships, the members must be loyal to each other. Good faith required that appellant should make known to appellee the fact that he was receiving extra compensation, and, in the absence of an agreement to the contrary, the partnership having been entered into upon equal terms, each partner was entitled to receive an equal division of the profits made by the firm whether the contract was made in the name of the firm or in that of one of the individual members. This is so because, from their relationship, the partners are agents for the firm, and what is done by either in furtherance of the partnership business is regarded as the act of the firm. *White* v. *Smith*, 63 Ark. 513; *Boqua* v. *Marshall*, 88 Ark. 373.

The decree will be affirmed.