Paggi v. Skliris, 54 Utah 88.

---

## PAGGI v. SKLIRIS.

No. 3216. March 12, 1919. (179 Pac. 739.)

1. PARTNERSHIP—COPARTNERSHIP AGREEMENT—CONSTRUCTION. Articles of copartnership providing for establishment of store, and in connection therewith an employment office to supply labor to certain power company, and providing that partner, who prior to creation of partnership had agreement with the power company to furnish all foreign labor required by such company, "is to act as the treasurer of said copartnership and to furnish all foreign labor on said construction work, for which he is to receive in full payment thereof one-third of the net profits of said copartnership," construed so that compensation received for labor furnished the company according to the partner's agreement with the company became a part of the partnership income. (Page 91.)

2.  CONTRACTS—PROVINCE OF COURT—CONSTRUCTION OF CONTRACT. Where written agreement expresses the intent of the parties in plain and unambiguous language, it is the duty of the court to give effect to that language, unless the party executing the agreement was induced to do so by fraud or misrepresentations of some kind.  (Page 92.)
3.  PARTNERSHIP—RIGHTS OF PARTNERS—SECRET AGREEMENT.  A partner will not be permitted to take advantage of any secret agreement to receive a private or personal gain for the work or business carried on by a partnership.  (Page 92.)

Appeal from the District Court of Salt Lake County, Third District; *Hon. P. C. Evans,* Judge.

Action by Moses Paggi against L. G. Skliris.

From the judgment rendered plaintiff appeals.

REVERSED and REMANDED.

*Thomas F. Ashworth, Soren X. Christensen, F. W. James* and *H. L. Mulliner* all of Salt Lake City, for appellant.
*Gustin, Gillette & Brayton* of Salt Lake City, for respondent.

GIDEON, J.

By the amended complaint filed in this action, plaintiff alleges the existence of a partnership between himself and defendant, prays for dissolution thereof, an accounting of the affairs of the same, for judgment against defendant, and for general relief.

Written articles of copartnership were entered into between plaintiff and defendant on or about December 5, 1912. At the time the articles were drawn, it was contemplated that a third party, one Frank Passini, would be a party to the partnership.   Passini declined to enter the agreement. Therefore plaintiff and defendant only executed the articles.

The paragraphs of the articles material to this decision are the following:

(1)  "This copartnership is organized for the purpose of furnishing supplies to all foreign laborers that are employed by the Utah Power & Light Company at the Oneida Narrows Power Dam, in Oneida county, Idaho, and is to exist until the completion of the plant being constructed by said Utah Power & Light Company."

(2)  "Mr. L. G. Skliris is to act as the treasurer of said copartnership, and furnish all foreign labor on said construction work, for which he is to receive in full payment thereof one-third of the net profits of the said copartnership."

(3)  "Mr. Moses Paggi is to act as the manager of said copartnership and agrees to devote his entire time and attention to the welfare of said copartnership, for which he is to receive in full payment therefor one-third of the net profits of the said copartnership."

(5)  "* * * It is also understood and agreed by and between each and all parties hereto that no one is to receive compensation in the form of salary for his services rendered said copartnership."

(6)  "In connection with the store of the Idaho-Utah Supply Company there is to be conducted an employment office, known as the Western Labor Bureau, exclusively devoted to supplying the labor for the Utah Power & Light Company. The principal place of business of the Western Labor Bureau is now located at 118 West South Temple street, Salt Lake City, Utah."

It appears that, some time prior to making the partnership agreement, the defendant, Skliris, had a contract with the Telluride Power Company, predecessor of the Utah Power & Light Company, the constructing company doing the work on the dam mentioned in the agreement, by which he was to receive five cents per man per working day for every man furnished by him who worked upon the power dam mentioned in the agreement; that that understanding or agreement was continued in force with the Utah Power & Light Company during the existence of the copartnership between the parties to this action. It is provided in said contract as follows:

"It is understood that Mr. Skliris will furnish all foreign labor required for the work at Oneida Narrows which is estimated to be from 200 to 300 men as they are required."

It is the contention of the plaintiff that the money received for that five cents per day per man arrangement belongs to the partnership; while, on the other hand, it is the contention of defendant (respondent here) that such was

never considered in the preparation of the articles of co-partnership, that at no time did the plaintiff have any knowledge of that arrangement or agreement, that it was not explained to plaintiff at the time of the formation of the co-partnership, that on the contrary it was understood that the labor bureau mentioned in the articles of agreement contemplated collecting from one to three dollars from each workman applying for a position, and that was the only money or receipts which it was intended that the partnership should have or receive for furnishing labor to the contracting company.

The district court held that the contract between plaintiff and defendant was indefinite and uncertain as to just what was intended to be included as part of the duties of the labor bureau or what its receipts should be, or whether the partnership was entitled to receive this five cents per day per man as part of its assets.

Testimony was taken on that issue, both from plaintiff and defendant, and the question was submitted to a jury under instructions. The jury found adversely to plaintiff's contention. The court adopted the verdict of the jury, made it a part of its findings, and concluded that plaintiff was not entitled to receive as his interest in the copartnership any of the moneys paid the defendant under the agreement by which defendant was to receive five cents per day per man for each working day.

It is the contention of appellant that the terms of the partnership agreement are unambiguous and definitely state the understanding and intention of the parties at the time of making the same; that it was therefore error on the part of the trial court to submit to the jury the question as to whether the five cents per day per man was included in the partnership agreement; and that the court should have determined that as matter of law from the terms of the contract. In that contention we think appellant is right.

It will be observed that by the second provision of the partnership agreement the defendant undertook to act as

treasurer of the partnership, and, in addition, "fur-     2, 3
nish all foreign labor on said construction work, for
which he is to receive in full payment thereof one-third of
the net profits of said copartnership." (By reason of the
failure of Frank Passini to enter into the partnership, it was
agreed that defendant should receive one-half of the net
profits.) By reference to the agreement existing between the
defendant and the construction company, it will be seen that
the very first provision is that defendant Skliris "will fur-
nish all foreign labor required for the work at Oneida Nar-
rows," etc. There seems to be nothing indefinite or uncertain
about the arrangement, and, where the written agreement ex-
presses the intent of the parties in plain and unambiguous
language, it is the duty of the court to give effect to that
language, unless the party executing the agreement was in-
duced to do so by fraud or misrepresentations of some kind.
That a member of a partnership will not be permitted to take
advantage of any secret agreement to receive a private or
personal gain for the work or business carried on by a part-
nership is settled by the authorities. *Nelson* v. *Matsch,* 38
Utah, 122, 110 Pac. 865, Ann. Cas. 1912D, 1242; *Pratt* v.
*Frazer,* 95 Ark. 405, 129 S. W. 1088; 30 Cyc. 438.

Under the facts as they appear in this record, the district
court should have taken testimony respecting the receipts by
the defendant for laborers furnished to the contracting con-
cern during the work at the place named in the partnership
agreement, and considered that together with the other proof
respecting the receipts and disbursements of the partnership
and determined from all of such proof the respective rights
or interests of the parties. It should have made its findings
based upon such proof and entered judgment dissolving the
partnership and giving plaintiff judgment if the findings
based upon such proof entitled him to receive any amount
from defendant.

There are other assignments of error, but they are not
material.

It follows that the judgment of the district court must be
reversed, and the cause remanded for further proceedings.

---

Appeal from Fourth District.

---

Such is the order.   Appellant to recover costs.

CORFMAN, C. J., and FRICK, WEBER, and THUR-
MAN, JJ., concur.