POWELL *v.* COGGINS.

4-6815                                           164 S. W. 2d 891

Opinion delivered October 5, 1942.

*Mann & McCulloch* and *Harold Sharpe,* for appellant.

*Giles Dearing,* for appellee.

McHANEY, J. On December 27, 1939, appellant purchased from the state the north half, south half, southeast quarter, 7-8-4 and north half, southwest, southwest, 8-8-4, in Cross county, Arkansas, receiving from the State Land Commissioner a deed therefor, which was thereafter duly recorded. The state's title was based on a tax forfeiture and sale to the state in 1936 for the taxes of 1935.

On March 11, 1940, appellee purchased from the state the south two-thirds of the south half, southeast one-fourth, 7-8-4 and the south two-thirds of southwest, southwest, 8-8-4, Cross county, receiving from the State Land Commissioner a deed therefor, which was thereafter duly recorded. The state's title was based on a tax forfeiture and sale to the state in 1933 for the taxes of 1932.

Appellant also got a deed from the St. Francis Levee District to all the southwest, southwest of section 8 and 15.3 acres in section 7.

She brought this action against appellee, setting up her title as aforesaid, and alleging that he had moved his fence and enclosed about 220 feet of her land and refused to give her the possession thereof. She prayed that appellee be enjoined from entering upon her land and that he be ordered to remove said fence and place it upon her south boundary line, and that she be awarded damages. The answer was a general denial. Trial resulted in a decree dismissing the complaint for want of equity and an order directing appellee to refund appel-

lant any amount she had paid the levee district on lands owned by him, a tender of which was made in court.

Prior to 1935, the land in the south half of the southeast quarter of section 7 and that in the southwest quarter of the southwest quarter of section 8, said township and range, had been assessed on the tax books of Cross county as north one-third of south half of southeast quarter of section 7, township 8 north, range 4 east, 26 2/3 acres in the name of John Coggins. South 2/3 of the same tract, 53 1/3 acres, in the name of Mrs. Sharp. North 1/3 of southwest, southwest, section 8, 13 1/3 acres, in the name of John Coggins. South 2/3 of the same tract, 26 2/3 acres, in the name of Mrs. Sharp. In 1933 the tax on each of these tracts was not paid, became delinquent, and all four tracts were sold to the state. Later appellee redeemed from the state the two tracts assessed in his name as the north 1/3 of each tract, but Mrs. Sharp did not redeem the south 2/3s of either tract assessed in her name and later the title to her two tracts was confirmed in the state. For the first time, in 1935, there appeared on the tax books an assessment of these lands which were described in section 7 as the north half (N½) of south half (S½) of SE¼, 40 acres, in the name of Mrs. Sharp, and south half (S½) of south half (S½) of southeast quarter, 40 acres, in the name of John Coggins. In section 8, the land was described as north half of southwest quarter of southwest quarter in the name of Mrs. Sharp, and the south half of southwest quarter of southwest quarter in the name of John Coggins. Not only were the descriptions changed from the north one-third and south two-thirds of each tract to the north half and south half, but the ownership was also switched. Of course the name of the listed owner is unimportant, but the fact that the title to the south two-thirds of these tracts had been in the state for two years is important. The 1935 description on the tax books as the north half of the south half of the southeast quarter of section 7 and the north half of the southwest, southwest of section 8 necessarily included a part

of the 1933 forfeiture and sale to the state described as the south two-thirds of each tract. The title, therefore, to a portion of the 1935 description, being already in the state, the land was not subject to taxation as the north half. The north one-third of each tract was subject to taxation, because it had been redeemed by appellee, but the north one-third was not assessed as such, but was attempted to be assessed as the north half description, which was ineffective because it was not described as the north third and because it included land already in the state and not subject to taxation.

Therefore, the 1935 tax forfeiture and sale to the state, being void for want of power to make it, the deed from the state to appellant based thereon is likewise void as to all lands covered thereby, the title to which was not already in the state, and the fact that the state's title based thereon was confirmed did not cure the invalidity because, as we said in *Crockett* v. *Beardon,* 203 Ark. 48, in a similar situation, "Confirmation does not cure a sale that could not be made." The collector would have no power to sell land to the state for taxes, when the title is already in the state.

The question then narrows down to the ownership, as between the parties, to a strip of land 220 feet wide and extending east and west across both descriptions and lying on the south side of the north half of the south half of the southeast quarter of section 7 and on the south side of the north half of the southwest, southwest of section 8. Appellant's deed includes this strip, as does appellee's, and it is conceded that the title to it was in the state by reason of the 1933 forfeiture and sale. Appellant's deed, being prior in point of time to appellee's, necessarily conveyed this strip to her, as it was included in the calls in her deed, and the subsequent deed from the state to appellee was ineffectual to this extent. The fact that her deed mentioned the 1935 forfeiture and sale is unimportant as to that strip already in the state. *Walker* v. *Taylor,* 43 Ark. 543. It was effective to convey whatever title the state had by any forfeiture and sale to it.

Appellant also relies on her deed from the levee district. The court correctly held that this purchase amounted to a redemption by her and adjudged that appellee should refund her the amount she had paid out on his land, a tender of which had been made by him.

The decree will be reversed, and the cause remanded with direction to enter a decree in her favor for the strip of land above described.