KAPLAN *v.* SCHERER.

4-7023 · 169 S. W. 2d 660

Opinion delivered March 22, 1943.

*Joseph Brooks,* for appellant.

*T. B. Vance,* for appellee.

HOLT, J. Appellee, Ruth Scherer, and her sister, Fannie Scherer Sanders, who were the owners of the east 60 feet of lot 11, block 30, town of Texarkana, Arkansas, on March 14, 1931, sold and conveyed, by warranty deed, to the city of Texarkana, Arkansas, approximately nine feet off the west frontage of lot 11, which left the title and ownership to the remaining east 51.1 feet of lot 11, block 30, town of Texarkana, in appellee

and her sister, Fannie Sanders. Subsequently, appellee acquired the interest of her sister in this property. After the sale of part of lot 11 to the city of Texarkana the property was carried on the tax books and assessed under the first description, *supra;* that is, ''east 60 feet, lot 11, block 30, town of Texarkana, Arkansas,'' and under this description was sold to the state on November 2, 1936, for the 1935 taxes. Title was confirmed in the state September 25, 1939, under act 119 of 1935, and thereafter, on June 11, 1941, appellant purchased the property from the state, securing Land Commissioner's deed, under the description ''east 60 feet of lot 11, block 30 of the original city of Texarkana, Arkansas,'' for a recited consideration of $365.68.

Appellant brought suit in ejectment, alleging ownership and right to possession of the property in question. Appellee answered, filed cross-complaint and moved to transfer to equity. The motion to transfer to equity was granted; whereupon, appellant filed motion to remand to the circuit court, and thereafter filed answer to appellee's cross-complaint.

Appellee's answer and cross-complaint, and amendment thereto, denied the allegations of appellant's complaint, alleged that the tax assessment, forfeiture and sale of appellee's property were void for lack of power in the state to sell on several grounds, among them being ''that the west portion of said lot 11, block 30 of said town of Texarkana, Arkansas, had theretofore been condemned and owned by the city of Texarkana, Arkansas, for street purposes; that said portion of lot 11, block 30 was not subject to taxation by state of Arkansas for 1935 taxes; that the description of plaintiff's property as east 60 feet of said lot 11, the levy of an assessment and sale thereof were void for indefinite description, and for the further reason that said levy and sale of said defendant's east 51 feet for various assessments against the east 60 feet of said lot 11, block 30, nine feet of which was not subject to taxation and sale, resulted in a levy and sale of plaintiff's property for an illegal sum of money, and was beyond the power of the state and its officers, and, therefore, void for want of power.''

Upon a trial of the cause, the court determined all issues in favor of appellee, and there was a decree accordingly. This appeal followed.

For reversal appellant earnestly contends that the court was without jurisdiction and that this is the primary question presented here. We think, however, that this contention is untenable for two reasons. In the first place the record discloses that after appellant filed his motion to remand to the law court he pursued this motion no further. The court was not asked to rule on this motion and made no order on this motion. Subsequently appellant filed answer to appellee's cross-complaint. Appellant, therefore, waived his motion to remand and in effect, consented to trial in equity. See *Schuman* v. *Sanders,* 200 Ark. 540, 140 S. W. 2d 121; *Street* v. *Shull,* 187 Ark. 180, 58 S. W. 2d 932; *Hill* v. *McClintock,* 175 Ark. 1059, 1 S. W. 2d 564; *Pratt* v. *Frazer,* 95 Ark. 405, 129 S. W. 1088. In the Shull case this court said: ''The appellant here contends that the court erred in refusing to sustain his motion to strike parts of appellee's cross-complaint and in not sustaining his demurrer to the cross-complaint. Sufficient answer to this contention is that the court did not refuse to strike, nor did it refuse to sustain the demurrer. It failed to make any ruling on the motion or on the demurrer, and, by failing to insist on a ruling and filing his answer, the appellant waived the motion and the demurrer. *Pratt* v. *Frazer,* 95 Ark. 405, 129 S. W. 1088; *Hill* v. *McClintock,* 175 Ark. 1059, 1 S. W. 2d 566.''

In the McClintock case it is said: ''McClintock did not ask or obtain a ruling upon his motion to dismiss the appeal, but, on the other hand, went to trial in the circuit court on the merits of the case. Under our system of pleading he will be deemed to have waived a ruling on his motion to dismiss the appeal and to have consented to the jurisdiction of the circuit court to try the case,'' and in *Pratt* v. *Frazer* this court held (quoting headnote 3): ''The right to have a suit in equity transferred to the circuit court is waived by voluntarily submitting to trial of all the issues by the chancery court.''

Aside, however, from the fact that appellant waived his alleged right to remand by not pressing his motion to remand to a decision, we think the motion was not well taken for the reason that it is clear that the chancery court did have jurisdiction. The very purpose of appellee's answer and cross-complaint was to have the confirmation decree, as it affected the property involved here, declared invalid and set aside, and this relief could only be given by a court of equity.

Appellee's attack on the validity of appellant's tax deed from the state of Arkansas is collateral, and to be successful the burden was upon her to show lack of power in the state to sell the property in question.

It is undisputed that appellee's property, in question here, was carried on the tax books, and assessed, as "the east 60 feet of lot 11, block 30, town of Texarkana, Arkansas," when in fact appellee only owned the east 51.1 feet of lot 30, block 11, town of Texarkana, Arkansas. She was assessed, therefore, on more property than was subject to taxation, the title of nine feet of the assessed property being in the city of Texarkana since 1931, and not subject to taxation. In other words, she was assessed and taxed on the basis of ownership of 60 feet when she owned only 51.1 feet of lot 11. This, we think, is clearly an illegal and void assessment, and the taxing officers were unauthorized to sell, and lacked the power to sell property for taxes which were not chargeable against it. In *Vandergrift* v. *Lowery,* 195 Ark. 257, 111 S. W. 2d 510, we said: "We think it must appear to every student of taxes or revenue measures that every tax must be assessed in some form authorized by law before it becomes a legal charge or lien against property. It is the rule, not the exception, that property shall be taxed. Section 13597, Pope's Digest; § 5, art. 16 of Constitution of 1874."

Article 16, § 5 of our Constitution provides: "All property subject to taxation shall be taxed according to its value, that value to be ascertained in such manner as the General Assembly shall direct, making the same equal and uniform throughout the state. No one species

of property from which a tax may be collected shall be taxed higher than another species of property of equal value, . . ." and § 11 provides: "No tax shall be levied except in pursuance of law, . . ."

In the very recent case of *Powell* v. *Coggins,* 204 Ark. 739, 164 S. W. 2d 891, this court had under considera- tion an issue involving a principle of law similar to that in the instant case. In that case, Mrs. Sharp owned land described on the tax book as "south two-thirds of south half, southeast quarter, section 7, township 8 north, range 4 east" which forfeited for the 1932 taxes. There- after this property was certified by the county clerk to the state and later confirmed under act 119 of 1935. In 1935, there appeared on the tax books of the county, land described as the north half of the south half of the southeast quarter of section 7-8-4, and said. land was forfeited to the state under this description. The Land Commissioner by deed conveyed said land under one de- scription to Powell and under another to Coggins. Mrs. Sharp had not redeemed her land, described as the south two-thirds of the south half of the southeast quarter, section 7, under the 1933 forfeiture, and the title at all times remained in the state, and no part thereof was subject to taxation under the second description, "north half of the south half, southeast quarter, section 7, for 1935 taxes. The validity of the forfeiture and sale of said lands was brought in question by Coggins and Powell. There we said: "The 1935 description on the tax books as the north half, south half, southeast of sec- tion 7, necessarily included a part of the land under the 1933 forfeiture and sale to the state described as the south two-thirds of each tract. The title therefore to a portion of the 1935 description being already in the state, the land was not subject to taxation as the north half. The north one-third of said tract was subject to taxation because it had been redeemed by appellee, but the north one-third was not assessed as such, but was attempted to be assessed as the north half description, which was ineffective because it was not described as the north one- third, and because it included land already in the state and not subject to taxation. . . . Therefore, the 1935

tax forfeiture and sale to the state being void for want of power to make it, the deed from the state to appellant based thereon is likewise void as to all lands covered thereby, the title to which was not already in the state, and the fact that the state's title based thereon was confirmed did not cure the invalidity.''

We think the principles of law and reasoning announced in the Powell-Coggins case apply with equal force here. The forfeiture and sale of appellee's property as the east 60 feet, lot 11, when the city of Texarkana had owned the west nine feet of said east 60 feet of lot 11 since 1931, which nine feet was not subject to taxation, were void for lack of power in the state to sell. Accordingly, the decree is affirmed.

CARTER, J., disqualified and not participating.