## WHITE v. BROWN.

4-7144          175 S. W. 2d 562

Opinion delivered November 29, 1943.

*M. F. Elms,* for appellant.

*John W. Moncrief,* for appellee.

SMITH, J. Appellant brought this suit in ejectment to recover one lot and a part of another in the city of Stuttgart. An unbroken chain of title from the United States Government was alleged, and is not questioned. The suit was brought against one Christine, a tenant in possession. There is some question as to whether Christine was the tenant of plaintiff, or of the defendant, but that fact is unimportant here, as he made default, filed no pleadings of any kind and has not appealed.

One Ralph G. Brown intervened and alleged title in himself, under a deed from the State Land Commissioner, and the real issues in the case appear from the answer which he filed. He alleged that appellant had previously filed an intervention in the proceedings brought to confirm a sale of the lots for the nonpayment of the general taxes thereon for the year 1934. This intervention was filed more than a year after the rendition of the decree confirming the tax title. It alleged that the tax sale was invalid, for several reasons, and that the confirmation decree itself was void, for the reason that the lots were not sufficiently described to be identified. The lots were described in the tax records and in the confirmation decree and in the deed from the State Land Commissioner to appellee as follows: ''22 ft. off E. side, lots 17 and 18, block No. 2, Flood's Addition to the City of Stuttgart.''

Appellee made the pleadings in appellant's intervention an exhibit to the answer which he filed in the present case, and he also made the answer which he had filed in that proceeding a part of the answer which he filed in the instant case. This intervention had been dismissed, and the instant suit was filed as one in ejectment. The complaint here filed made no reference to the tax sale or to the decree confirming it.

When the validity of the confirmation decree and that of the deed from the State Land Commissioner to appellee had become an issue in the case, under the pleadings filed by appellee, appellant offered testimony over the objections of appellee, to the effect that no taxes had been assessed against the lots in question for the year

1934, for the reason that the lots had previously been forfeited to the State for the nonpayment of taxes due thereon for the year 1931. After hearing this and other testimony, a decree was rendered which dismissed appellant's complaint, as being without equity, and the title of appellee was quieted and confirmed, and from that decree is this appeal.

Appellee insists that the decree should be affirmed for two reasons. First, that the confirmation decree divests appellant of her title. Second, that if this be not so, she had lost her title under the sale to the State for the nonpayment of 1931 taxes, it not having been shown that the sale was void, or that there had been a redemption from that sale. We think the sale for the 1934 taxes, which the confirmation decree attempted to confirm, was void because it did not describe the lots sold sufficiently to identify them, and, if so, this was a defect which confirmation of the sale did not cure. *Lumsden* v. *Erstine,* 205 Ark. 1004, 172 S. W. 2d 409; *Dansby* v. *Weeks,* 199 Ark. 497, 135 S. W. 2d 62; *Powell* v. *Coggins,* 204 Ark. 739, 164 S. W. 2d 891; *Wilson* v. *Triplett,* 204 Ark. 902, 165 S. W. 2d 943; *Kaplan* v. *Scherer,* 205 Ark. 554, 169 S. W. 2d 660.

Block 2 of Flood's Addition to Stuttgart is divided by an alley as shown by a plat of the survey thereof. There are 25 lots in this block, of which number 15 lie south of the alley, which runs east and west through the block. The lots south of the alley are divided from each other by parallel lines which run north and south. Lot 17 is 28 feet wide, while lot 18 is 25 feet wide, and these are adjacent lots, lot 18 being east of lot 17.

A description of 22 feet off the east side of these lots, 17 and 18, is certainly confusing, if not meaningless. Now, had the line between these lots run east and west, instead of north and south, as they do run, the above would be a good description, and would embrace 22 feet off of each lot. We hold, therefore, that the lots were sold under an imperfect and defective description, which the confirmation decree did not undertake to cure and could not have cured.

Appellant's right to recover possession of the lots was not, therefore, defeated by the confirmation decree, and so far as this confirmation decree is concerned she should be permitted to redeem from the tax sale for the taxes of 1934 and the decree confirming it.

In the decree from which is this appeal, appellee was awarded judgment against the tenant in possession, the defendant in the original ejectment suit, for the sum of $535, the rental value of the property from the date of the Land Commissioner's deed to appellee, to the date of the decree. Appellee alleged, and the fact appears to be, although it is not entirely clear, that appellant had brought ejectment against her own tenant.

The occurrence and effect of a sale for the 1931 taxes remains to be considered. None of the pleadings in the case refer to or rely upon this sale, but appellee insists that the testimony shows that there was a sale of the lots for the 1931 taxes, and that it was not shown that this sale was void nor that there had been a redemption therefrom, and that the pleadings should be treated as amended to raise these issues. The state of the record is such that we think that the facts in regard to this sale should be more fully developed.

If there were such a sale, which was not itself void, and there had been no redemption therefrom, then appellant lost, and the State acquired, title under that sale, in which event the decree quieting appellee's title and awarding him judgment for rents should be affirmed, and this is true although there was no attempt to confirm the 1931 sale, as a good tax sale does not require confirmation to pass title.

This cannot be done, however, because of a stipulation entered into between the parties during the course of the trial, which, as it appears in the record, reads as follows: "It is further stipulated and agreed by the said attorneys that the grantors of Anna Maude White (appellant) were seized in fee simple of the title to the east 22 feet of lot 17 and all of lot 18 of block 2 of Flood's Addition to the city of Stuttgart, Arkansas, at the time

the same was sold and forfeited to the State of Arkansas for taxes at the sale which is now involved in this litigation, and that furthermore it is not necessary for the said Anna Maude White to make any further showing of her title to said above described real estate immediately preceding the said tax sale.''

The sale ''which is now involved in this litigation'' is the sale for the 1934 taxes, and appellant could not have the fee simple title which it was stipulated she did have, if she had lost that title by a prior tax sale. Giving this stipulation the effect which its language implies, the 1931 sale passes out of the case. But appellee says this was not the intention, or purpose, of the stipulation, or its effect, and that it was intended only by the stipulation to relieve appellant of the burden of showing her ownership of the record title at the time of the sale for the 1934 taxes.

The state of the record is such that we cannot say this is not true. In any event, we think the ends of justice require that upon the remand of this case, which is here ordered, the facts in relation to the sale for the 1931 taxes be fully developed.

If it be found, upon the remand of the case, that the sale for the 1931 taxes was valid, and that there was no redemption therefrom, then a decree conforming to the decree here appealed from will be re-entered, with judgment for any rents which have accrued since the date of that decree. But if there were a redemption from the 1931 sale, a decree in appellant's favor will be awarded her, or if it be found that there was no redemption, but that the sale was in fact void, she would be entitled to redeem if she so elects.

The decree will be reversed and the cause remanded for further proceedings.