BRIDWELL *v.* RACKLEY.

4-7175            175 S. W. 2d 389

Opinion delivered November 29, 1943.

*C. A. Holland,* for appellant.

*G. P. Houston* and *Gordon Armitage,* for appellee.

KNOX, J. Appellants (plaintiffs below) and appellees (defendants below) each claim title in and to the southwest quarter of southwest quarter, section 15, township 11 north, range 9 west, Cleburne county, Arkansas. Appellees base their claim of title upon a deed from the State of Arkansas, dated September 17, 1940. The State's claim of title was based upon a purported forfeiture and sale for the taxes of 1934 and, also, a decree of the Cleburne chancery court, entered June 21, 1938, confirming the State's title acquired by it on account of a forfeiture for nonpayment of taxes accruing for the year 1934, and payable in 1935.

Appellant Bridwell testified that he purchased the land from C. E. Olmstead, who executed deed therefor on May 19, 1939; that he (Bridwell) later contracted to sell the land to appellee, Gruner, but that Gruner required that the state deed to appellees be canceled before he

would pay the full agreed purchase price, and, therefore, this suit was instituted in the name of both parties.

Appellants do not fully deraign their title, but appellees in their brief say: "The only question in this case as the appellees see it is: Whether or not the title to the lands in question was in the State of Arkansas by reason of the 1934 delinquent taxes, at the time they were deeded to appellees by the Land Commissioner of Arkansas."

As we construe it, this statement constitutes an admission by appellees that title to the land is vested in appellants if the State acquired no valid title by reason of the purported tax sale and the confirmation decree.

At the trial of this cause the clerk, who is the custodian of the tax records of Cleburne county, Arkansas, was called as a witness for appellants. Apparently while testifying he had before him the tax records of 1933, 1934 and 1936 and, perhaps, other years. Those parts of the original records relating to this land for those years were not actually introduced in evidence, and no certified copies of the parts referred to by the clerk were offered. The clerk was permitted, without objection, to state his conclusion as to what the various records disclosed. A fair summary of his entire testimony is found in an answer made by him as follows: "A. I find this land forfeited for taxes in 1933 in 15-11-9. And it was not subject to taxation for the year 1934 because it was state land, and Olmstead redeemed the second day of October, 1936, for the forfeiture of 1933, which covered the 1933 and 1934 taxes. I read from record here of land sold to the State of Arkansas, and the payment was for taxes for the year 1933."

The testimony of the clerk, which amounted only to a statement of the interpretation which he placed on the language contained in such records, did not constitute the best evidence of the contents of such records, and had proper objection been interposed such evidence would not have been admissible.

As above stated, however, no objection was offered. In the case of *Wade* v. *Goza,* 78 Ark. 7, 96 S. W. 388, it

was held that the admission of secondary evidence without accounting for failure to produce the best evidence is not error where no objection to the introduction thereof is interposed, and no motion to exclude the same is made. We must, therefore, treat this testimony as competent, and since the same is not denied or otherwise contradicted, we must also accept the facts disclosed by such testimony as being undisputed. The undisputed testimony, therefore, establishes the fact that this land forfeited to the State of Arkansas for the taxes of 1933, which taxes were payable in 1934, and the redemption from such forfeiture was not effected by appellants' grantor until October, 1936.

Appellees' title is founded upon a supposed forfeiture for the taxes of 1934, which taxes were payable in 1935.

Since this land had already forfeited to the State for the taxes of 1933 it was not subject to taxation for the year 1934, nor to sale for the taxes of that year. *Muskegon Lbr. Co.* v. *Brown,* 66 Ark. 539, 51 S. W. 1056; *Fiddyment* v. *Bateman,* 97 Ark. 76, 133 S. W. 192; *Powell* v. *Coggens,* 204 Ark. 739, 164 S. W. 2d 891; *Kaplan* v. *Scherer,* 205 Ark. 554, 169 S. W. 2d 660.

The property having forfeited to the State for the taxes of 1933, and remaining unredeemed, and, therefore, not being subject to taxation for 1934, the sale of such property for the taxes of that year was without authority of law, and the power to sell was lacking. *Kaplan* v. *Scherer, supra.* Since the power to sell was lacking, the purported decree of confirmation was ineffectual to cure the State's title. *Lumsden* v. *Ernestine,* 205 Ark. 1004, 172 S. W. 2d 409.

As heretofore pointed out, the title which the State acquired under the forfeiture and sale for the taxes of 1933 was cut off by the redemption in 1936. In order for appellants' predecessor in title to have redeemed at that time it would have been necessary for him to pay the 1934 taxes, and we must assume that he did in fact pay the same. Such payment would also have defeated the State's title as well as the right of the State to subse-

quently bring and maintain the suit for confirmation, based upon the tax forfeiture for the year 1934.

Since the State acquired no title by reason of the purported forfeiture for taxes of 1934 and the confirmation decree suit based thereon, it could not and did not by its deed convey any title to appellees.

The decree of the lower court is, therefore, reversed, and the cause remanded with directions to enter a decree cancelling, as a cloud on appellants' title, the record of the deed from State of Arkansas to appellees, dated September 17, 1940, and recorded at book 66, page 159, of the deed records of Cleburne county, Arkansas.